## Clamer Estate

*Wright, Mauck, Hawes & Spencer,* for accountant.

*Thomas E. Waters, Leonard F. Markel, Jr.,* and *Richard K. Stevens,* for claimants.

TAXIS, P. J., April 8, 1957.—The second and final account of Montgomery Norristown Bank and Trust Company, (formerly Norristown-Penn Trust Company) and Guilliam H. Clamer, testamentary trustees for Anna Marie Kelley, was examined and audited by the court on March 13, 1957 . . .

The account is filed by reason of the sale of the stock of the Ajax Electro Metallurgical Corporation, the sole asset of this trust, by the trustees, under the terms of the will, thereby terminating the trust.

The transfer inheritance tax has been paid.

A dispute has arisen as to whether the principal of the trust should be distributed to the estate of Anna Marie Kelley, or to her only child and sole heir, David A. Kelley.

Testator, Francis J. Clamer, died on May 16, 1927, leaving a will which was duly probated on May 20, 1927, in this county. In the will testator made numerous specific bequests and gave the residue of his estate to his trustees, in trust, to pay the net income (subject to a small annuity) to his wife, Margaret Clamer, for life, and after her death directed that his estate, except for shares of the Ajax Metal Company stock and a water works, should be divided equally among his children. Testator's widow died on August 13, 1934, survived by all four of her children, and under an adjudication of this court filed on August 11, 1937, the shares of Ajax Metal Company stock were awarded to four separate trusts, one for each child, The present accounting concerns the trust set up for Anna Marie Kelley, one of testator's four children.

The pertinent will provisions read:

"I direct that my shares in the stock of The Ajax Metal Company be held in trust and that the income from said shall be distributed as earned, in proportion to their respectively assigned holdings, to my four children or to their heirs.

"Said shares are to be held in trust until the death of my son, Guilliam, or until such time as he may wish to purchase the same himself or direct the same to be sold at a price satisfactory to my heirs, but in no event at a higher price than the value of same as determined by appraisal by Day & Zimmerman or a firm of equal standing.

"At the death of my son, Guilliam, said shares are to be distributed in the proportion of his assigned holdings to his heirs and of the assigned holdings of each to my other three children or to their heirs. In the event of sale, distribution of the proceeds in said proportion to each is to be made as soon thereafter as possible.

"It is my will and I direct that my son, Guilliam, shall until his death or until such shares may be sold, if before his death, have the sole power of voting any and all stock of the Ajax Metal Company owned by my Estate or controlled thereby."

Under the terms of this trust the income was to be paid to each child "or to their heirs" until the death of testator's son, Guilliam, or until the sale of the stock at the direction of Guilliam. Guilliam was also given sole power to vote the shares of Ajax stock owned by these four trusts, and it was clearly testator's purpose to give Guilliam control of the company until Guilliam died or desired to sell the stock. At the termination of the trust, by virtue of the occurrence of either of these two contingencies, the principal of the trust was to be distributed to the children "or to their heirs."

In accordance with the provisions of the will, the Ajax stock, which constitutes the entire corpus of this trust, at the direction of Guilliam has been sold. Prior thereto, however, on March 6, 1951, Anna Marie Kelley, the beneficiary of this trust, died, leaving David A. Kelley to survive her as her sole heir.

The issue is whether the principal of this trust should be distributed to the estate of Anna Marie Kelley or to her sole heir, David A. Kelley. Determination of this issue is dependent upon the interpretation of the phrase "or to their heirs." If these are words of purchase, the interest of Anna Marie Kelley is vested, but subject to being divested by her death prior to termination of the trust, and accordingly the principal should be distributed to David A. Kelley. If words of limitation, the interest of Anna Marie Kelley is vested absolutely, and the principal should be distributed to the Peoples National Bank of Norristown, administrator d.b.n.c.t.a. of the estate of Anna Marie Kelley, deceased.

After a careful analysis of the entire will, and able arguments of counsel, I am convinced that the words "or to their heirs", as used in this context, are words of purchase and accordingly that the principal is to be distributed to David A. Kelley.

It is clear that testator has expressly provided that should the trust terminate by reason of the death of Guilliam, principal of the trust for Guilliam is to be distributed directly to Guilliam's heirs and not to Guilliam's estate. Furthermore, as to income, it has been decided previously in this trust that the phrase "or to their heirs" is substitutionary and that income accumulated after the death of a child life tenant should be made payable to the heirs of that deceased person and not to the deceased person's estate. See the adjudication of this court in the estate of Francis J. Clamer, March 23, 1956.

Other portions of the will also expressly direct that distributions are to be made to the living heirs of deceased beneficiaries, and not to their estates. For example, as in the case of the Ajax stock, testator directed that after the death of his wife his private water works was to be continued to be held in trust until such time as it could be sold to the Borough of Collegeville or to a private water company. Testator then provided: "Should these water works be sold the proceeds of such sale shall be equally divided among my four children or their heirs then living, per stirpes." The phrase "then living" indicates that the remainder interests of the children are vested but subject to being divested should they not be living at the time of the termination of that particular trust.

Again, when testator was concerned with distribution of the corpus of the entire residue of his estate after the death of his wife, save for the water works and Ajax stock already discussed, testator again made survival of the children to the date of the termination of the trust a condition subsequent to complete vesting of their remainder interests. He states: "After the death of my wife and subject to the annuity to Mary Hassick I direct that my Estate, except the water works hereinafter mentioned, shall be divided equally among my children. That is to say, if all four of my children be living, each of my children shall receive one-fourth of the total value of my residuary estate, either in money, personal property or in real estate as hereinafter specifically divided. Said water works and my holdings of the Ajax Metal Company stock are to be held in trust under conditions and for such time as herein stated. *Should any of my children be dead at the time of the decease of my wife and leave lawful issue, him, her or them surviving, I direct that such child or children of any deceased child shall take the*

*share the parent would have taken if living."* (Italics supplied).

Thus it is abundantly clear that in the gifts of remainder interests to the children of the residue of testator's estate, in the gift of the proceeds of the sale of the water works, in the gift of the corpus of the Ajax Metal Company stock to one of the three children, Guilliam, and in the gift of income to all the children from the Ajax stock trusts, in all of these gifts testator has expressed an intention that the heirs of these respective beneficiaries are to be substituted should the beneficiaries themselves not be living at the termination of these various interests. To hold that the gift of the corpus of the Ajax Metal stock trust to three of the four children was not also intended to be substitutionary, would do great violence to testator's clearly expressed scheme of distribution both in this particular provision and in all other similar provisions throughout his will.

Counsel for the estate of the deceased Anna Marie Kelley have cited numerous cases where the words "or their heirs" have been held to be words of limitation, thus necessitating interpretation of the word "or" to mean the word "and." However, in the present case, the tenor of the will indicates that when testator used the disjunctive his intention was one of making a substitutionary gift. There could be no justification for giving the word "or" a conjunctive interpretation in the present circumstances. Nowhere in the will does testator employ strictly technical language in making a gift of a fee interest, and it would be most inappropriate to single out this particular gift and treat the words "or to their heirs" as words of limitation. See Feeney's Estate, 293 Pa. 273, and Gilmore's Estate, 154 Pa. 523. See also Hunter, O. C. Commonplace Bk. p. 354.

The net balances of principal and income are awarded to David Alexander Kelley, residuary legatee.

The account is confirmed, and it is ordered and decreed that Montgomery Norristown Bank and Trust Company, trustee, as aforesaid, forthwith pay the distribution herein awarded.

And now, April 8, 1957, this adjudication is confirmed nisi.